**Herman Leroy FRISTOE,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 11–5149.**

United States Court of Appeals,
Tenth Circuit.

Jan. 12, 2012.

---

Herman Leroy Fristoe, Leavenworth, KS, pro se.

Before LUCERO, EBEL and GORSUCH, Circuit Judges.

## ORDER

DAVID M. EBEL, Circuit Judge.

Petitioner–Appellant Herman Fristoe, a federal inmate, filed a pleading challenging the legality of his sentence which Fristoe labeled a 28 U.S.C. § 2241 petition. A § 2241 petition, however, generally may be used only to challenge how a sentence is executed. *See Licon v. Ledezma,* 638 F.3d 1303, 1311 (10th Cir.2011). It is usually not the appropriate vehicle for challenging the legality of a sentence. *See id.* Because Fristoe made no argument as to why § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), the district court accurately characterized Fristoe's pleading as a motion made under 28 U.S.C. § 2255. *See Licon,* 638 F.3d at 1311; *see also Jackson v. United States,* 463 F.3d 635, 637–39 (7th Cir.2006) (treating a motion to reduce a sentence under 18 U.S.C. § 3559(c)(7) as a § 2255 motion).

Because Fristoe unsuccessfully sought § 2255 relief on two prior occasions, he could not pursue this latest § 2255 motion without first obtaining this court's authorization. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *see also United States v. Harper,* 545 F.3d 1230, 1232 (10th Cir. 2008). This court, in turn, can only authorize a second or successive § 2255 motion if it is based upon

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Fristoe failed to seek an order from this court authorizing him to pursue his successive motion for § 2255 relief. Under such circumstances, the district court could have transferred his motion to this court for us to consider whether to authorize pursuit of a successive § 2255 motion, but only if the district court concluded that such a transfer would be in the interests of justice. *See Harper,* 545 F.3d at 1232. Otherwise, the district court was required to dismiss Fristoe's motion for lack of jurisdiction; the district court had no authority to consider Fristoe's unauthorized successive motion for § 2255 relief. *See id.* Seeing no suggestion that Fristoe could meet the requirements for asserting a successive motion for § 2255 relief, the district court dismissed Fristoe's motion for lack of jurisdiction. *See id.*

752

■l Fristoe now seeks to appeal the district court's decision dismissing his motion.[1] In order to pursue this appeal, Fristoe must first obtain a certificate of appealability ("COA") under 28 U.S.C. § 2253(c). *See Harper,* 545 F.3d at 1233. A COA is warranted only if Fristoe makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Fristoe can make such a showing if reasonable jurists would find it debatable whether the district court's procedural ruling was correct. *See Harper,* 545 F.3d at 1233 (citing *Slack v. McDaniel,* 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Because Fristoe has failed to make such a showing, we deny COA and DISMISS this appeal.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**George Edward BOYD, Defendant—
Appellant.**

**No. 11–6189.**

United States Court of Appeals,
Tenth Circuit.

Jan. 12, 2012.

Scott E. Williams, Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

George Edward Boyd, El Reno, OK, pro se.

Before LUCERO, ANDERSON, and GORSUCH, Circuit Judges.

**ORDER DENYING CERTIFICATE**

---

1. The district court granted Fristoe's motion to proceed on appeal in forma pauperis. *See*

OF APPEALABILITY\*

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and petitioner George Boyd was convicted by a jury of seven counts of signing false personal federal income tax returns, in violation of 26 U.S.C. § 7206(1), and seven counts of making false claims for tax refunds, in violation of 18 U.S.C. § 287. His conviction was affirmed on direct appeal by this court. *See United States v. Boyd*, 378 Fed.Appx. 841 (10th Cir.2010). Mr. Boyd then sought relief under 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence, which the district court denied. He now seeks a certificate of appealability ("COA") to enable him to appeal that adverse determination. For the following reasons, we deny Mr. Boyd a COA and dismiss this matter.

**BACKGROUND**

We derive the basic facts in this case from our decision on direct appeal:

> Defendant Boyd graduated from the United States Air Force Academy in June of 1971, and subsequently spent 22 years of active duty in the Air Force, retiring in September of 1993. In February 1998, Boyd ... began working as a pilot for Atlas Air, a New York-based commercial freight company. Boyd continued to work as a pilot for Atlas Air until April 2009.

Throughout his career with the Air Force, as well as during the first year following his retirement from the Air Force, Boyd filed federal income tax returns on behalf of himself and his wife. In the summer of 1995, Boyd received a notice from the Internal Revenue Service ("IRS") indicating they had recalculated the gross income he had reported on his 1994 tax return and that, as a result, he owed an additional $2000 in federal income taxes. After attempting unsuccessfully to communicate with the IRS regarding this matter, Boyd ultimately paid the additional taxes.

*Boyd*, 378 Fed.Appx. at 843.

Subsequently, after talking to a friend and attending several meetings of a purported constitutional law study group, Mr. Boyd concluded that, based upon his own review of the Internal Revenue Code ("IRC"), "any 'private income,' which he classified as income from sources other than the federal government, was not federally taxable." *Id.* Accordingly, in his 1995 federal tax return, Mr. Boyd reported as income only the military retirement pay he received from the federal government.

Mr. Boyd failed to file federal income tax returns for the years 1996 through 2002. In 1998, the IRS sent Mr. Boyd a statutory notice of a tax deficiency for the 1996 tax year. The IRS sent him similar notices for the tax years 1997 and 1998. Mr. Boyd responded, claiming he was not responsible for federal income taxes for those years. The IRS then assessed the tax, penalties and interest for those years and sent Mr. Boyd notices of payments due, in the amount of $26,190 for 1996,

28 U.S.C. § 1915(a).

